## Clark v. Clark

*William C. Fulmer* and *Stanley V. Printz,* for plaintiff.

*Benjamin F. Black* and *Milton J. Goodman,* for defendant.

HENNINGER, P. J., December 26, 1950.—Plaintiff, husband of defendant, filed this action in replevin without bond to recover possession of two insurance policies on his life retained by defendant after their separation.

To the original complaint defendant on September 18, 1950, filed two preliminary objections to the form of the complaint: (1) No averment whether affidavit was of affiant's personal knowledge or upon information and belief, (2) no copies of the writings attached; and three objections to the substance: (1) No averment of plaintiff's right of possession; (2) or that defendant was wrongly in possession, and (3) prayer for relief, viz., judgment for repossession is repugnant to the cause of action.

Plaintiff thereupon on November 3, 1950, filed an amended complaint in which it is stated that copies of the policies are not attached because in defendant's wrongful possession, to which plaintiff is entitled and with an affidavit that the facts are on defendant's personal knowledge. Defendant then filed additional preliminary objections: (1) Amended complaint filed more than 10 days after objections without consent, and (2) by way of demurrer that the remedy asked was repugnant to the cause of action.

Since it is agreed that the amended complaint cures most of defendant's original preliminary objections, we consider first the validity of the filing of the amended complaint. Clearly the converse of plaintiff's right under Pa. R. C. P. 1028(c) to amend as of course within 10 days after service of preliminary objections is that he must obtain leave of court thereafter.

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties": Pa. R. C. P. 126.

In the light of that rule we now consent to the filing of the amended complaint. We do this the more readily because we feel that the original complaint was self-sufficient. A bald affidavit that the facts are true and correct must be construed as one within the affiant's personal knowledge: Hinkel v. Beiting, 69 D. & C. 129, 135. The provisions in Pa. R. C. P. 1024 (c) for an affidavit either on personal knowledge or on information and belief are for affiant's benefit, and have no bearing where affiant takes the responsibility of swearing absolutely to their truth.

The insurance policies were not the written instruments upon which the suit is based and therefore identification was all that was necessary and plaintiff was not bound to explain their absence.

Plaintiff's averment of ownership and of defendant's possession and refusal to deliver were sufficient averments, until answered, that plaintiff was entitled to possession and was wrongly deprived thereof by defendant.

This brings us to the objection that the relief sought is repugnant to the action. Defendant's contention is that in an action begun in replevin without bond, a plaintiff may not recover possession of the property. In both Goodrich-Amram, Preliminary Survey and Analysis of Pa. R. C. P. relating to Actions at Law, page 204, and Klapper v. Lackawanna Pants Manufacturing Co., 68 D. & C. 370, 373, there is language to the effect that replevin without bond is not truly a replevin action. In the Klapper case, however, such

language is purely obiter dictum, because the case really decides that where the victorious party out of possession obtains judgment for the value of the property wrongfully detained, he cannot also obtain damages for loss of use during detention other than interest from the date of detention.

The action of replevin without bond is an invention of the Committee on Procedural Rules specifically to protect persons who cannot obtain a bond and who were limited to an action in trespass for conversion of the property. This is a true replevin action, because plaintiff may at any time, by the filing of a bond, obtain possession or compel defendant to file a counterbond: Pa. R. C. P. 1073(b).

The only distinction made as to judgment or execution is between cases where the successful party has possession or has not possession of the property and not between cases where the action was started with or without bond: Pa. R. C. P. 1085-86. True, when an action is prosecuted to judgment and execution in replevin without bond, plaintiff is necessarily out of possession and he has run the risk that the specific articles may not be available, just as if the action had been begun with bond and a counterbond had been filed.

Furthermore, even where judgment is in favor of the party out of possession, he may have judgment and execution for the specific property if it can be found or for its value if the property cannot be found or has lost its value. This applies equally to both actions: Anderson, Penna. Civil Practice, vol. 3, pp. 245-47.

Plaintiff's demand for possession is not, therefore, repugnant to his cause of action for replevin without bond.

Now, December 26, 1950, defendant's preliminary objections are dismissed, consent is now given to the filing of plaintiff's amended complaint and it is ordered that defendant file a responsive answer thereto within 20 days after service of this order upon her counsel.